IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JACK EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-666-MN |
| ) | |
| DELAWARE DEPARTMENT OF ) | |
| CORRECTION and VITALCORE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff William Jack Edwards ("Plaintiff"), an inmate at Sussex Correctional Institution ("SCI"), filed this action on June 4, 2024, alleging violations of his civil rights under 42 U.S.C. § 1983. (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, the court recommends the claims against the Delaware Department of Corrections and the claim against VitalCore for violations of the Health Insurance Portability and Accountability Act ("HIPAA") be DISMISSED WITH PREJUDICE. The court further recommends that the claims against VitalCore for violations of 42 U.S.C. § 1983 be DISMISSED WITHOUT PREJUDICE.

I.  BACKGROUND

Plaintiff alleges violations of his Eighth Amendment right against cruel and unusual punishment, the deprivation of proper healthcare, and violations of HIPAA from March of 2024 to the present. Plaintiff names as defendants the Delaware Department of Corrections ("DDOC") and VitalCore, a contract medical provider to the DDOC.

According to the complaint, in May of 2022, prior to his incarceration, Plaintiff was prescribed medication to treat his opiate use disorder. He continued to receive his medication at a consistent dose from the time he arrived at SCI until March of 2024, when he questioned the method used by VitalCore to dispense the medication to him in proximity to other inmates and DDOC staff, who could ascertain the type and dosage of medication. Plaintiff claims that this violation of his privacy puts him at risk of those who wish to sell the medication outside of legitimate sources for a profit.

On March 13, 2024, VitalCore stopped providing Plaintiff with his medication without explanation, and Plaintiff went into withdrawal. Plaintiff alleges that other inmates who questioned VitalCore's dispensation methods were also taken off their medication. Plaintiff claims that DDOC staff members pressure VitalCore to remove individuals from Medicated Assisted Treatment by suggesting that patients are "troublemakers" who "divert" their medication.

Plaintiff attempted to use the grievance process on several occasions. He indicates that the grievance process is not complete, and that his efforts were unsuccessful. Plaintiff requests compensatory damages.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

2

respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

### A.   Eleventh Amendment

The DDOC is immune from suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* 11 *Del. C.* § 6501 *et seq.*; *Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017). Additionally, the DDOC is not a person for purposes of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v.*

*Young*, 288 F. App'x 47, 50 (3d Cir. 2008). Consequently, I recommend that the court dismiss Plaintiff's claims against the DDOC with prejudice.

### B. Grievances

The complaint alleges that Plaintiff filed multiple grievances, but the grievance process is incomplete. Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

Plaintiff contends that officials at the DDOC "create situations that make following their 'Rules'" for filing grievances "nearly impossible" to follow. (D.I. 3 at 8) However, there is no futility exception to Section 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the

5

complaint in federal court"). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See, e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008).

Although exhaustion is an affirmative defense, the court may *sua sponte* dismiss an action pursuant to Section 1915A when the failure to exhaust defense is obvious from the face of the complaint. *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019). Here, Plaintiff admits that the grievance process was not complete when he filed his complaint. (D.I. 3 at 8) Given Plaintiff's admission that the grievance process was not complete when he filed this action, dismissal of the Section 1983 claim for failure to exhaust is warranted. I recommend that the court dismiss without prejudice the Section 1983 claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### C. Failure to State a Claim against VitalCore

Plaintiff alleges his Eighth Amendment rights were violated when VitalCore stopped providing him with his medication. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*,

511 U.S. 825, 837, 844 (1994). However, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

The complaint does not identify any specific individual who deprived Plaintiff of his medication. To state a claim against VitalCore, a government contractor, the complaint must allege that Plaintiff's constitutional rights were violated as a result of a VitalCore policy, practice or custom. *See Williams v. Guard Bryant Fields*, 535 F. App'x 205, 211 (3d Cir. 2013); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A corporate defendant "is only liable if its policies are so inadequate and ineffective that the mere decision to employ these policies demonstrates deliberate indifference on the part of the corporation." *McCray v. First State Med. Sys.*, 379 F. Supp. 2d 635, 638 (D. Del. 2005). The complaint does not allege that VitalCore established or maintained an unconstitutional policy or custom that violated Plaintiff's rights. Consequently, I recommend that the court dismiss Plaintiff's claims against VitalCore without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### D. HIPAA

The complaint alleges that Plaintiff's privacy rights under HIPAA were violated by the disclosure of the type and dosage of his medication in the proximity of others. It is well-established that HIPAA does not create a private cause of action. HIPAA creates its own enforcement mechanism under 42 U.S.C. § 300gg-22, which limits enforcement actions to the states or the Secretary of Health and Human Services. *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013) ("The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA compliant, lies within the exclusive

7

province of the Secretary of Health and Human Services, not the hands of private citizens."). Consequently, an alleged HIPAA violation does not give rise to a cognizable claim under Section 1983. *See Fatir v. Phelps*, C.A. No. 18-933-CFC, 2019 WL 2162720, at *12 (D. Del. May 17, 2019); *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011). Therefore, I recommend that the court dismiss with prejudice Plaintiff's HIPAA claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1. The Report and Recommendation issued on April 4, 2025 is **ADOPTED.**

2. Plaintiff's claims against the DDOC and Plaintiff's HIPAA claim against VitalCore are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

3. Plaintiff's claim against VitalCore for violations of 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. Plaintiff is granted leave until on or before _____, 2025 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation for the claims dismissed without prejudice. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 4, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE