IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JACK EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-666 (MN) |
| | ) | |
| BRIAN HUBBS and CLAYTON RABB, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

William Jack Edwards, James T. Vaughn Correctional Center, Smyrna, DE – Pro Se Plaintiff

Maliheh Zare, LEWIS BRISBOIS BISGAARD & SMITH LLP, Wilmington, DE – Attorney for Defendant Clayton Rabb.

September 8, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Plaintiff William Jack Edwards ("Plaintiff") was an inmate at Sussex Correctional Institution ("SCI") when he filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). (D.I. 3). He is currently housed at the James T. Vaughan Correctional Center in Smyrna, Delaware. Plaintiff appears pro se and was granted leave to proceed *in forma pauperis*. (D.I. 5). The original Complaint was screened by Judge Fallon, who recommended dismissal of some claims with prejudice, other claims without prejudice, and granting leave to amend. (D.I. 8). This Court adopted the report on May 8, 2025, providing Plaintiff leave to file an Amended Complaint on or before June 6, 2025. (*See* D.I. 10). Plaintiff timely filed his Amended Complaint on June 5, 2025. (D.I. 11). The Amended Complaint was screened and proceeded to service. (*See* D.I. 12 service order).[1]

Presently before the Court is the motion of defendant medical provider Clayton Rabb ("Rabb") to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereafter, "the Motion"). (D.I. 19). Plaintiff opposes the Motion. (D.I. 27). For the reasons set forth below, the Motion will be granted.

## I. <u>BACKGROUND</u>

Plaintiff alleges violations of his Eighth Amendment right against cruel and unusual punishment, and the deprivation of proper healthcare from March of 2024 to the present. (D.I. 11 at 4). Plaintiff names as defendants Staff Sergeant Brian Hubbs ("Hubbs") and Rabb. (*Id.* at 3).

---

[1] Defendant Brian Hubbs answered the Amended Complaint. (*See* D.I. 17).

According to the Amended Complaint, in May of 2022, prior to his incarceration, Plaintiff was prescribed the medication Subutex[2] for chronic pain and opiate use disorder. (*Id.* at 4). He continued to receive this medication at a consistent dose from the time he arrived at SCI until March of 2024. At that time, Hubbs directed Rabb to stop providing Plaintiff with this medication because Hubbs claimed Plaintiff was improperly diverting the medication. (*Id.* 4-5). Plaintiff contends the other medication he was provided – blood pressure medication, mental health medication, Ibuprofen, Tylenol and Gabapentin – was less effective. (*Id.* at 5). Plaintiff has since moved to JTVCC. (*Id.*). Plaintiff has began receiving an injection for opiate use disorder. (*Id.*). For relief, Plaintiff seeks that each defendant "be held accountable." (*Id*. at 8).

## II. LEGAL STANDARDS

Because Plaintiff proceeds pro se, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even

---

2 The Court takes judicial notice that Subutex is a brand name for generic buprenorphine, an anti-opioid-addiction drug. *Orexo AB v. Actavis Elizabeth LLC*, Civ. A. No. 17-205-CFC, 2019 WL 6728637 (D. Del. Dec. 11, 2019).

if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

## III. <u>DISCUSSION</u>

Rabb seeks to dismiss the Amended Complaint based on Plaintiff's failure to allege a plausible claim of deliberate indifference to medical needs under the Eighth Amendment. The Court agrees and Rabb's Motion will be granted.

A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A "serious" medical need exists if

the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104.

Deliberate indifference requires "obduracy and wantonness," which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. *Rouse*, 182 F.3d at 197. Notably, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted); *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Finally, medical negligence does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence").

Plaintiff alleges that in March 2024, Rabb stopped providing Plaintiff with Subutex because Hubbs claimed Plaintiff was improperly diverting the medication. (*Id*. at 4-5). Courts have held that the decision to discontinue an inmate's medication where there is evidence that the inmate is misusing the medication does not constitute deliberate indifference. *DiFraia v. Ransom*, 171 F.4th 622, 631 (3d Cir. 2026); see *also*, *Chambers v. May*, Civ. A. No. 25-127-MN, 2025 WL 1342737 at *4 (May 8, 2025); *Biggins v. Phelps*, Civ. A. No. 18-1574-MN, 2019 WL 2025172 at *7 (May 8, 2019); *Jones v. Tompkins*, Civ. A. No. 12-57, 2016 WL 4211610, at *7 (W.D.N.Y. Aug. 10, 2016).

Plaintiff alleges the claims of misuse and diversion were false, (D.I. 11 at 4-5), which the Court accepts at this stage of the proceedings. *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). This, however, is not an allegation directed to Rabb, nor is there any allegation that Rabb knew that Hubbs falsely accused Plaintiff of diversion. Rather, as the Amended Complaint states,

Plaintiff continued to receive medication for blood pressure, mental health, and, most relevant here, for pain. (D.I. 11 at 5). Plaintiff contends this medication was less effective. (*Id.* at 5). But a prisoner has no right to choose a specific form of medical treatment. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (*citing Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). At best, Plaintiff's Amended Complaint complains about the manner in which his prior medication was discontinued, which does not equate to a constitutional violation. *Estelle*, 429 U.S. at 107; *DiFraia*, 171 F.4th at 631. Plaintiff's medical allegations against Rabb fall short of stating a claim for deliberate indifference under the Eighth Amendment. At most, his allegations amount to medical malpractice, negligence, and disagreement with his course of treatment. Disagreements over medical judgements, and "[n]egligence, even gross negligence, is not enough." *DiFraia*, 171 F.4th at 628 (citation omitted). Accordingly, Plaintiff has failed to state a deliberate indifference claim.

## IV. CONCLUSION

For the reasons set out above, Defendant's Motion to Dismiss (D.I. 18) will be granted. Plaintiff has been granted two opportunities to state his claim (D.I. 3 & 11), but he has consistently failed to do so. Because any further amendment would be futile, dismissal will be with prejudice as to Rabb.

An appropriate Order will be entered.